IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD SMUTEK, derivatively on behalf of: REVLON, INC., <br><br> Plaintiff, <br><br> v. <br><br> RONALD O. PERELMAN, DAVID L. KENNEDY, ALAN T. ENNIS, ALAN S. BERNIKOW, PAUL J. BOHAN, MEYER FELDBERG, ANN D. JORDAN, DEBRA L. LEE, TAMARA MELLON, BARRY F. SCHWARTZ, KATHI P. SEIFERT, and MACANDREWS & FORBES HOLDINGS INC., <br><br> Defendants, <br><br> and <br><br> REVLON, INC., <br><br> Nominal Defendant. | No. 10-392-GMS |

### ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to an order of the Court, dated November 14, 2012, on the application of the parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement filed with the Court on October 22, 2012 (with the exhibits thereto, the "Stipulation"). Due and adequate notice having been given to current holders of Revlon, Inc. Class A Common Stock, and the Court having considered all papers filed and proceedings had herein and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.	This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and unless defined herein, capitalized words and terms shall have the same meaning as they have in the Stipulation.

2.	The Court has jurisdiction over the subject matter of *Smutek v. Perelman, et al.*, No. 1:10-CV-00392-GMS (D. Del.) (the "*Smutek* Action"), including all matters necessary to effectuate the Settlement, and over all parties to the *Smutek* Action, including: (i) Richard Smutek ("Plaintiff"), (ii) nominal defendant Revlon, Inc. ("Revlon" or the "Company") and (iii) Ronald O. Perelman, Barry F. Schwartz, David L. Kennedy, Alan T. Ennis, Alan S. Bernikow, Paul J. Bohan, Meyer Feldberg, Ann D. Jordan, Debra L. Lee, Tamara Mellon, Kathi P. Seifert, and MacAndrews & Forbes Holdings Inc. ("Defendants").

3.	The notice given to current holders of Revlon Class A Common Stock, including posting of the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear (the "Notice") on Revlon's website, filing a Form 8-K with the United States Securities and Exchange Commission attaching the Notice, and publishing a summary version of the Notice in *Investor's Business Daily*, satisfied the requirements of Federal Rule of Civil Procedure 23.1(c) and due process.

4.	The Court has considered any and all objections to the Settlement, and overrules them.

5.	The Stipulation and the Settlement set forth therein are hereby approved. The Court finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Revlon and the Company's current holders of Revlon Class A Common Stock. The parties are hereby directed to perform the terms of the Settlement.

6.  The *Smutek* Action, including the derivative claims alleged therein, is hereby dismissed in its entirety on the merits and with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation and in Paragraph 14 below.

7.  The Court hereby dismisses the *Smutek* Action with prejudice, and orders the settlement and release of, and a permanent injunction barring, any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), derivatively on behalf of Revlon, or by Revlon, or by or on behalf of Plaintiff (as an individual or as a class representative), whether individual, direct, class, derivative (on behalf of Revlon or otherwise), representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants, Wolfe, Santagati, nominal defendant Revlon or any of their respective families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Releasing Persons ever had, now have,

3

or may have by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the *Smutek* Action, the complaint in the *Smutek* Action, the Proposal, the Exchange Offer and other transactions contemplated therein, disclosures made in connection therewith (including the adequacy and completeness of such disclosures), any disclosure of the Company's actual, projected or estimated financial results for the third quarter 2009, or any other disclosure made by Revlon from the date of the Proposal through the date Revlon announced its financial results for the third quarter 2009 (including the adequacy and completeness of such disclosures) (the "Settled Claims"); *provided, however*, that the Settled Claims shall not release any claims to enforce the Settlement.

8. The Court further bars and releases any and all claims, known or unknown, for damages, injunctive relief, or any other remedies against Plaintiff, his attorneys or agents based upon, arising from, or related to prosecution and/or settlement of the *Smutek* Action.

9. The releases described in Paragraphs 7 and 8 above shall extend to all claims that Releasing Persons do not know or suspect to exist at the time of the release of the Settled Claims, which, if known, might have affected the Releasing Persons' decisions to enter into the releases or the Settlement. Additionally, Plaintiff and the Company acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Company and Plaintiff to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter

exist, and without regard to the subsequent discovery of additional or different facts. Plaintiff and the Company acknowledge that "Unknown Claims" are expressly included in the definition of "Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Defendants and the Company in entering into the Stipulation. "Unknown Claims" means any claim that Plaintiff or the Company does not know or suspect exists in his or its favor at the time of the release of the Settled Claims as against the Released Persons, including, without limitation, those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Settled Claims, the parties stipulate and agree that upon Final Approval of the Settlement, the Company and Plaintiff shall be deemed to have, and by operation of this Order and Final Judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

10. Plaintiff or any current holders of Revlon Class A Common Stock purporting to assert derivatively on behalf of Revlon the Released Claims are hereby permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Settled Claim,

all of which Settled Claims are compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in the *Smutek* Action and this Order and Final Judgment.

11. Revlon, each of the Defendants and the Released Persons are deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's counsel from all claims, based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the *Smutek* Action; *provided, however*, that Revlon, Defendants and Released Persons shall retain the right to enforce in the Court the terms of the Stipulation and the Settlement.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of Defendants or Revlon; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Revlon in any proceeding of any nature. Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Stipulation or this Order and Final Judgment. Revlon and/or Defendants may file, cite and/or refer to the Stipulation and/or this Order and Final Judgment in related litigation as evidence of the Settlement, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by the Court for the purpose of protecting and implementing the Stipulation and

the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

14. The Court, having considered the nature of the *Smutek* Action and the results obtained on behalf of Revlon and current holders of Revlon Class A Common Stock, hereby orders that Plaintiff's counsel is awarded attorneys' fees in the amount of $ 120,000.00 inclusive of expenses, which shall be paid in accordance with the terms and conditions of the Stipulation. The Court grants plaintiff's unopposed request that plaintiff's counsel be permitted to pay plaintiff Richard Smutek an award of $1,000 in recognition of his effort and contribution to the action. This payment shall be made by plaintiff's counsel from the attorney's fee awarded herein.

SO ORDERED this 30th day of April, 2013.

_____
CHIEF JUDGE GREGORY M. SLEET